IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBYN JOANN VANNATTER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 1:14CV00084-JJV |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * | |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Robyn Vannatter, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is for ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the court must consider evidence that detracts from the commissioner's decision as well as evidence that supports it; the court may not, however, reverse the commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After carefully considering the briefs and record of administrative proceedings, I find that the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence.

1

In support of her Complaint, Plaintiff argues that the ALJ failed to consider her obesity when considering her residual functional capacity. (Pl.'s Br. 8) The Commissioner counters that Ms. Vannatter's obesity is not a medically determinable impairment. (Def.'s Br. 4-5.) After carful review of the record on this point, I agree with the Commissioner. At the most recent administrative hearing, the ALJ started by reciting the impairments alleged on Ms. Vannatter's application. (Tr. 53, 189.) He invited her to identify any other impairments (Tr. 54) but only a tentative diagnosis of Crohn's disease was reported. (*Id.*) At no time during the twenty-five (25) minute hearing did Ms. Vannatter speak of the impact of obesity. (Tr. 52-68.) So I find no reversible error by the ALJ in this regard.

Although Plaintiff disagrees, the Court also finds that the ALJ's credibility assessment was proper. He considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 19-22.)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>   2. the duration, frequency and intensity of the pain;
>   3. precipitating and aggravating factors;
>   4. dosage, effectiveness and side effects of medication;
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

While Plaintiff clearly suffers from some degree of pain and limitation, there is little objective support in the record for her contention that she is unable to perform a reduced range of

sedentary work.  Her physicians never placed any significant restrictions on her and this contradicts her allegations. *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992).  A diagnostic test revealed nothing disabling (Tr. 362), and the medical assessments were generally consistent with the ALJ's conclusion that Ms. Vannatter could perform sedentary work. (Tr. 325-27, 342-49, 380-87, 389-91, 393-405.)  The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007); *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

After close review of the report of Michael Spataro, M.D., and the ALJ's assessment of this report, I again find no reversible error.  Clearly Dr. Spataro found that Ms. Vannatter has limitations from a host of impairments. (Tr. 325-27.)  However, the ALJ had reason to discount some of the language in the report because, on the report's face, Dr. Spataro was reciting Ms. Vannatter's subjective complaints.

The ALJ's credibility analysis was proper.  He followed the law and regulations, made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008); *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995).  Her credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence.  *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

The critical inquiry is whether Plaintiff has presented sufficient evidence to support her claim of disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and she has not met this burden.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any <u>medically determinable</u> physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  While Plaintiff surely suffers from some pain and limitation, the objective medical records fail to support Plaintiff's claim of complete disability. After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff has advanced other arguments that the Court finds are without merit.  It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this <u>29th</u> day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE